**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-22152-CIV-COOKE**

**SECURITIES AND EXCHANGE COMMISSION,**

    Plaintiff,

v.

**RAMIRO JOSE SUGRANES, LINA MARIA GARCIA,
UCB FINANCIAL ADVISERS, INC. and
UCB FINANCIAL SERVICES LIMITED,**

    Defendants,
and

**RAMIRO SUGRANES HERNANDEZ and
THELMA LANZAS DE SUGRANES,**

    Relief Defendants.
_____/

**FINAL JUDGMENT AS TO DEFENDANTS RAMIRO JOSE SUGRANES, LINA
MARIA GARCIA, UCB FINANCIAL ADVISERS, INC., AND UCB FINANCIAL
<u>SERVICES LIMITED</u>**

The Securities and Exchange Commission ("Commission") having filed an Amended Complaint ("Complaint") and Defendants Ramiro Jose Sugranes ("Sugranes"), Lina Maria Garcia ("Garcia"), UCB Financial Advisers, Inc. ("UCB Advisers"), and UCB Financial Services Limited ("UCB Services") (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

1

I.

**PERMANENT INJUNCTIONS**

A.      **Section 17(a)(1) of the Securities Act**

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants Sugranes, UCB Advisers, and UCB Services are restrained and enjoined from violating Section 17(a)(1) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(1)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(i)      to employ any device, scheme, or artifice to defraud;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendants' qualifications to advise investors, or

(F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this permanent injunction by personal service or otherwise: (a) any of Defendants Sugranes', UCB Advisers', or UCB Services' officers, agents, servants, employees,

and attorneys; and (b) other persons in active concert or participation with Defendants Sugranes, UCB Advisers, or UCB Services or with anyone described in (a).

      **B.**      <u>**Sections 17(a)(3) of the Securities Act**</u>

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Sugranes, Garcia, UCB Advisers, and UCB Services are restrained and enjoined from violating Section 17(a)(3) of the Securities Act [15 U.S.C. § 77q(a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (i)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any product or company,

    (C) the use of investor funds,

    (D) compensation to any person,

    (E) Defendants' qualifications to advise investors, or

    (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this permanent injunction by personal service or otherwise:  (a) any of

Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

      C.      **Section 10(b) and Rules 10b-5(a) and (c) of the Exchange Act**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Sugranes, UCB Advisers, and UCB Services are restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5(a) and (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (i)    to employ any device, scheme, or artifice to defraud; or

    (ii)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any product or company,

    (C) the use of investor funds,

    (D) compensation to any person,

    (E) Defendants' qualifications to advise investors, or

    (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this permanent injunction by personal service or otherwise: (a) any of Defendants Sugranes', UCB Advisers', or UCB Services' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Sugranes, UCB Advisers, or UCB Services or with anyone described in (a).

D. <u>Section 206(1) of the Advisers Act</u>

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Sugranes, UCB Advisers, and UCB Services are restrained and enjoined from violating Section 206(1) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S. § 80b-6(1)] by acting as an investment adviser and using the mails or any means or instrumentality of interstate commerce, directly or indirectly, to:

(1) to employ any device, scheme, or artifice to defraud any client or prospective client; by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any product or company,

    (C) the use of investor funds,

    (D) compensation to any person,

    (E) Defendants' qualifications to advise investors, or

    (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this permanent injunction by personal service or otherwise: (a) any of Defendants Sugranes', UCB Advisers', or UCB Services' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Sugranes, UCB Advisers, or UCB Services or with anyone described in (a).

E.   <u>Section 206(2) of the Advisers Act</u>

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Sugranes, Garcia, UCB Advisers, and UCB Services are restrained and enjoined from violating Section 206(2) of the Advisers Act [15 U.S. § 80b-6(2)] by acting as an investment adviser and using the mails or any means or instrumentality of interstate commerce, directly or indirectly, to:

(1) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendants' qualifications to advise investors, or

(F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this permanent injunction by personal service or otherwise: (a) any of Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

### DISGORGEMENT AND PREJUDGMENT INTEREST AND CIVIL PENALTY

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that:

A. Defendant Sugranes is jointly and severally liable with Relief Defendants Ramiro Sugranes Hernandez and Thelma Lanzas De Sugranes for disgorgement of $2,255,672, plus prejudgment interest thereon in the amount of $382,562;

B. Defendant Sugranes is also jointly and severally liable with Defendant Garcia for disgorgement of $225,718, plus prejudgment interest thereon in the amount of $38,282; and

C. Defendant Sugranes is also individually liable for disgorgement of $2,118,610, plus prejudgment interest in the amount of $359,316.

Pursuant to the payment instructions below, the total amount of disgorgement ordered by the Court above (representing the net profits gained as a result of the conduct alleged in the Complaint) shall be satisfied by paying the above listed amounts to the Commission within 14 days after entry of this Final Judgment.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that:

A.  Defendant Sugranes shall also pay a civil penalty in the amount of $500,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)];

B.  Defendant Garcia shall also pay a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)];

C.  Defendant UCB Advisers is liable for a civil penalty in the amount of $250,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]; and

D.  Defendant UCB Services is liable for a civil penalty in the amount of $250,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

Unless provided for in Section IV below, Defendants shall satisfy their obligation to pay the above listed penalty amounts to the Commission within 14 days after entry of this Final Judgment.

For all payments, Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Commission, which shall be delivered or mailed to

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Sugranes, Garcia, UCB Advisers, or UCB Services as Defendants in this action; and specifying the Defendant that payment is being made on behalf of pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to any of Defendants.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on any Defendant's payment of disgorgement in this action, argue that it, he, or she is entitled to, nor shall it, he, or she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.

Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## III.
## TURNOVER OF FROZEN ASSETS

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that within three (3) days after being served with a copy of this Final Judgment:

A. Apollo Bank ("Bank 1") shall transfer the entire balance of the following Bank 1 account (approximately $205,112) which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Ramiro Jose Sugranes | *0254 |

B. Chase Bank ("Bank 2") shall transfer the entire balance of the following Bank 2 accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Ramiro Jose Sugranes (approximate balance of $25) | *5584 |

| Account Owner | Acct. Ending in: |
|---|---|
| Tigressa LLC (approximate balance of $1,500) | *5785 |

| Account Owner | Acct. Ending in: |
|---|---|
| Lina Maria Garcia (approximate balance of $264,000) | *5592 |

C. Bank of America ("Bank 3") shall transfer the entire balance of the following Bank 3 accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Ramiro Jose Sugranes (approximate balance of $7,504) | *9718 |

| Account Owner | Acct. Ending in: |
|---|---|
| Ramiro Jose Sugranes (approximate balance of $500) | *7209 |

Bank 1, Bank 2, and Bank 3 (collectively "Financial Institutions") may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. The Financial Institutions also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

Furthermore, any interest payments or principal payments from a line a credit or otherwise received from Toscana Divino Hospitality Group, TDHG, LLC, or Toscana Divino, LLC (collectively "Toscana Divino") shall be paid to the Commission on Sugranes' behalf.

Also, any dividends, distributions or return of capital received from Toscana Divino shall also be paid to the Commission on Sugranes' behalf.

Moreover, Sugranes is allowed up to four months from entry of the Final Judgment, subject to Court approval to sell the interest Sugranes and Garcia have through their interest in Tigressa, LLC or otherwise, in the limited partnership interests (or any other interest) in Toscana Divino ("Limited Partnership Interests in Toscana Divino") with all sale proceeds being turned over to the Commission in partial satisfaction of his monetary obligations he will owe to the Commission pursuant to the Final Judgment. Prior to selling the Limited Partnership Interests in Toscana Divino, Sugranes shall execute a declaration under the penalty of perjury that he (or any other Defendant or Relief Defendant) will not receive any of the proceeds from the sale and that the sale is not to a related party, such as a family member, and request Court approval to approve the sale, have the Court's asset freeze lifted over this asset, and all sale proceeds to go to the Commission.

If after four months from the entry of the Final Judgment the Limited Partnership in Toscana Divino has not been sold: (a) Sugranes and Garcia agree that the Limited Partnership Interests in Toscana Divino shall be automatically turned over to the Commission or its designee (the Commission may elect to have a Receiver, Distribution Agent or Liquidating Agent to sell the Limited Partnership Interests in Toscana Divino and be paid a reasonable fee and be reimbursed for reasonable costs related to selling the Limited Partnership Interests in Toscana Divino); (b) any and all interest that Sugranes and Garcia have in the Limited Partnership Interests in Toscana Divino is automatically extinguished; and (c) if the Commission is able to sell the Limited Partnership Interests in Toscana Divino (in its sole discretion the Commission may determine whether the Limited Partnership Interests in Toscana Divino can be profitable

sold) the net realized amount from the sale (after deducting costs and expenses) shall partially reduce Sugranes' monetary liabilities arising from the Final Judgment by the net realized amount from the sale.

Further, TD Ameritrade is hereby notified that the Court's asset freeze is lifted against Sugranes IRA account ending in *3471 with an approximate balance of $30,000.

## IV.

## PAYMENT PLANS FOR THE CIVIL PENALTY OWED BY GARCIA, UCB ADVISERS AND UCB SERVICES

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Garcia shall pay the total penalty due of $100,000 in four installment payments to the Commission according to the following schedule: (1) $25,000 that has been escrowed her counsel within 14 days of entry of this Final Judgment; (2) $12,500 within 120 days of entry of this Final Judgment; (3) $12,500 within 240 days of entry of this Final Judgment; and (4) $50,000 within 360 days of entry of this Final Judgment. Payments made by Garcia towards paying her penalty shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final penalty payment set forth herein, counsel for Garcia shall contact the staff of the Commission for the amount due for the final payment.

If Garcia fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that UCB Advisers shall pay the total penalty due of $250,000 that has been escrowed with its counsel within 14 days of entry of this Final Judgment. All payments made by UCB Advisers towards paying its penalty shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.

If UCB Advisers fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that UCB Services shall pay the total penalty due of $250,000 that has been escrowed with its counsel within 14 days of entry of this Final Judgment. All payments made by UCB Seervices towards paying its penalty shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.

If UCB Services fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## V.
## CONSENT INCORPORATED BY REFERENCE

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Defendants Ramiro Jose Sugranes, Lina Maria Garcia, UCB Financial Advisers, Inc., and UCB Financial Services, Limited to Final Judgment ("Consent") is incorporated herein with the same force and effect as if fully set forth herein.

## VI.
## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants Sugranes and Garcia, and further, any debt for disgorgement, prejudgment interest, civil penalties or other amounts due by Defendants Sugranes and Garcia under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants Sugranes and Garcia of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII.
## COURT RETAINS JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Final Judgment and the Consent.

**DONE AND ORDERED** in chambers at Miami, Florida, this 2nd day of October 2022.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE
for Marcia G. Cooke, United States District Judge

cc: counsel of record