UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22152-CIV-COOKE

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

RAMIRO JOSE SUGRANES, LINA MARIA GARCIA,
UCB FINANCIAL ADVISERS, INC. and
UCB FINANCIAL SERVICES LIMITED,

    Defendants,

and

RAMIRO SUGRANES HERNANDEZ and
THELMA LANZAS DE SUGRANES,

    Relief Defendants.
_____/

**FINAL JUDGMENT AS TO RELIEF DEFENDANTS RAMIRO SUGRANES HERNANDEZ AND THELMA LANZAS DE SUGRANES**

The Securities and Exchange Commission ("Commission") having filed a Complaint and Relief Defendants Ramiro Sugranes Hernandez and Thelma Lanzas De Sugranes (collectively, "Relief Defendants") having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

**DISGORGEMENT AND PREJUDGMENT INTEREST**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Relief Defendants Ramiro Sugranes Hernandez and Thelma Lanzas De Sugranes are jointly and severally liable

1

with Defendant Ramiro Jose Sugranes for disgorgement of $2,255,672, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $382,562, for a total of $2,638,234. Relief Defendants shall satisfy this obligation by having the financial institutions (specified in section II below) pay $2,638,234 to the Commission by turning over the frozen assets (as specified in section II below) within 3 days after the financial institutions are served with a copy of this Final Judgment.

If the financial institutions failed to pay some or all of the $2,638,234 that the Relief Defendants owe to the Commission within 30 days from the entry of this Final Judgment, the Relief Defendants would be obligated to pay to the Commission any of the $2,638,234 that is unpaid, and the Relief Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ramiro Sugranes Hernandez or Thelma Lanzas De Sugranes as Relief Defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.

2

By making payment or having the financial institutions turn over the frozen assets (as specified in section II below), Relief Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendants.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. If applicable, Relief Defendants shall pay post judgment interest on any unpaid amounts still due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

## II.
## TURNOVER OF FROZEN ASSETS

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that within three (3) days after being served with a copy of this Final Judgment:

A. Brokerage firm Insigneo Securities LLC and/or Pershing, LLC ("Broker") shall transfer the entire balance (approximately $2,377,099) of the following Broker account which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Ramiro Sugranes Hernandez and Thelma Lanzas De Sugranes | *1539 |

3

B. Apollo Bank ("Bank") shall transfer $261,135 of the following Bank account which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Ramiro Sugranes Hernandez and Thelma Lanzas De Sugranes | *0239 |

The remaining funds in the Bank account (approximately $50,000) the Relief Defendants may retain and is unfrozen.

The Broker and Bank (collectively "Financial Institutions") may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. The Financial Institutions also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

Upon the Commission's receipt of $2,638,234 within 30 days from entry of this Final Judgment, the Relief Defendants' disgorgement amount and prejudgment interest and their obligation to pay $2,638,234 to the Commission is fully satisfied.

4

## III.

## CONSENT INCORPORATED BY REFERENCE

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Relief Defendants Ramiro Sugranes Hernandez and Thelma Lanzas De Sugranes to Final Judgment ("Consent") is incorporated herein with the same force and effect as if fully set forth herein.

## IV.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Relief Defendants, and further, any debt for disgorgement, prejudgment interest, or other amounts due by Relief Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Ramiro Jose Sugranes of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## V.

## COURT RETAINS JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Final Judgment and the Consent.

**DONE AND ORDERED** in chambers at Miami, Florida, this 2nd day of October 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE
for Marcia G. Cooke, United States District Judge

cc:   counsel of record